**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHNATHAN DELA CRUZ,

    Plaintiff,

v.                                                Case No: 8:14-cv-2717-T-30TGW

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Count II and Count III of Plaintiff's Amended Complaint (Dkt. #6) and Plaintiff's Response in Opposition (Dkt. #8). Upon review and consideration, it is the Court's conclusion that the Motion should be denied in part and granted in part.

### *Background*

Plaintiff was involved in a motor vehicle collision resulting in bodily injury. Plaintiff sought recovery through his insurer, Progressive Select Insurance Company ("Progressive"). Progressive refused to pay uninsured motorist benefits but permitted Plaintiff's settlement with the tortfeasor for recovery under the policy's bodily injury benefits. Progressive waived its right of subrogation against the tortfeasor. Plaintiff brought suit against Defendant alleging three counts in its Amended Complaint. Count I seeks uninsured motorist benefits under the policy, Count II seeks relief based on the

insurer's bad faith pursuant to Fla. Stat. § 624.155 and Count III seeks declaratory relief regarding the apportionment of liability and the total amount of Plaintiff's damages pursuant to Fla. Stat. §§ 86.011-86.111 *et seq*. Defendant removed this case from state court based on diversity jurisdiction.

*Discussion*

## I. Legal Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

## II. Defendant's Motion to Dismiss

Progressive moves to dismiss Plaintiff's claims for bad faith and declaratory relief. Progressive argues that the bad faith claim is premature since there has been no determination of liability for the first party insurance claim. Therefore, the Court should dismiss the claim without prejudice rather than abate it because the claim may never ripen.

Further, it argues that under the Declaratory Judgement Act, Plaintiff has not stated a cause of action for declaratory relief because there is no case or controversy that currently exists.

### a. Count II

Defendant's Motion to Dismiss Count II should be denied. Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad faith claim. *See, e.g., Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) (cautioning "that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action."); *O'Rourke v. Provident Life & Accident Ins. Co.*, 48 F.Supp. 2d 1383, 1384-85 (S.D. Fla. 1999) (explaining the trend towards abatement of premature bad faith claims and holding abatement was an appropriate remedy). *See also Gianassi v. State Farm Mut. Auto. Ins. Co*., No. 6:14-CV-1078-ORL-31, 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7, 2014). The Court agrees with this approach and will therefore abate Count II of the Amended Complaint.

### b. Count III

Defendant's Motion to Dismiss Count III should be granted. The Court must evaluate Plaintiff's declaratory relief claim pursuant to the Declaratory Judgment Act. *See Gianassi,* 2014 WL 4999443   at *3. Under the Declaratory Judgment Act, "[i]n any case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."   28 U.S.C. § 2201(a).

3

In *Gianissi*, the court examined an almost identical complaint which sought first party insurance benefits, relief based on the insurer's bad faith, and declaratory relief. The court concluded that the controversy was "insufficiently definite and concrete to satisfy the requirements of the Constitution[,]" and the subject matter was improper for declaratory relief. 2014 WL 4999443   at *4.   *See also Smith v. 21st Century Centennial Ins.* Co., 8:14-V-2531-T-26TBM, 2014 WL 5474591, at *1 (M.D. Fla. Oct. 29, 2014) (citing to *Gianissi* and dismissing declaratory relief claim); *Perez v. Gen. Ins. Co. of Am.*, 14-20009-CIV, 2014 WL 1384401, at *3 (S.D. Fla. Apr. 9, 2014) (dismissing declaratory relief claim). *But see Leuty v. State Farm Mut. Ins. Co.*, 8:13-cv-3038-T-35MAP (M.D. Fla. June 16, 2014) slip. op. at 10 (unpublished order) (denying insurer's motion to dismiss declaratory relief claim because the Court's determination of damages, including any damages in excess of the policy limits, would satisfy one element of the plaintiff's bad faith claim).

Plaintiff, relying on *Luety*, argues that his claim for declaratory relief as to apportionment of liability and damages is sufficiently concrete because it is an element of his bad faith claim.   Further, the Court's declaration at this juncture as to the total damages would result in judicial efficiency.

The Court agrees with the reasoning in *Gianissi* and will dismiss Count III. Plaintiff concedes that his claim for bad faith is premature, and the Court has, at Plaintiff's request, abated the claim. There is no actual controversy prior to the determination of the damages suffered in the underlying contract claim. Further, a declaration that quantifies an amount of damages for a future bad faith claim does not resolve the entire controversy because

Plaintiff will still have to prove the insurer's bad faith. Therefore, declaratory relief is an improper remedy at this time.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Count II and Count III of Plaintiff's Amended Complaint (Dkt. #6) is GRANTED IN PART to the extent that the Court will dismiss Count III of Plaintiff's Amended Complaint.

2. Count II is hereby ABATED pending the determination of the underlying uninsured motorist claim.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2717 mtd 6.docx